In the Matter of GENERAL TRANSPORTATION CASUALTY AND SURETY COMPANY, Appellant, against COMMISSIONER OF MOTOR VEHICLES OF THE STATE OF NEW YORK, Respondent.— Appeal from order of the Special Term (Russell, J.) entered in the County of Albany, August 27, 1943, which dismissed, on the law, the petition of the above petitioner in proceedings instituted by it under article 78 of the Civil Practice Act, to review and cancel certain assessments made by respondent in determination of petitioner's prorata share for which it was liable to reimburse the State for its expenses in administering, for the fiscal years 1941–1942, article 6-A of the Vehicle and Traffic Law — the New York Motor Vehicle Safety-Responsibility Act. (L. 1941, ch. 872, as amd.) Order affirmed, on the authority of *Matter of Manhattan Mut. Auto. Cas. Co.* v. *Fletcher* (*ante*, p. 676, decided herewith), with twenty-five dollars costs and disbursements to the respondent. All concur. [See 268 App. Div. 835.]

THE PEOPLE OF THE STATE OF NEW YORK ex rel. WALTER J. MARKS, Appellant, against JOSEPH H. BROPHY, as Warden of Auburn Prison, Respondent.— Motion for reargument denied, without costs. [See *ante*, p. 933.] All concur.

PHOEBE A. D. MCMANUS, Individually and as Executrix of MARTHA J. ROBERTSON, Deceased, Appellant, v. GEORGETTE M. LIVERMORE, Respondent.— Appeal from a judgment of the Supreme Court entered in the Tompkins County clerk's office, after a trial by the court, on the 26th day of June, 1943, dismissing the complaint, with costs. The action is to recover a gift of 225 shares of Humble Oil Company stock, made by the decedent, Martha J. Robertson, to the defendant. The defendant had lived with the decedent for a number of years before her marriage. As early as 1930 decedent indicated an intention to give the stock to defendant and actually indorsed for transfer stock certificates for 75 shares and gave them to defendant. Defendant never had the 75 shares transferred on the books and had permitted decedent to continue to receive the dividends. Sometime later a stock dividend was declared by which the stockholders obtained three shares for one. When this stock dividend was declared, at decedent's request defendant returned the certificates to her for surrender to the corporation in exchange for certificates for 225 shares. Decedent then gave the new certificates back to defendant, indorsed for transfer. In 1939, when decedent was upwards of ninety years of age, she affirmed this gift by an instrument in writing, executed in the presence of her physician who testified that she was then rational, able to transact business and to understand the value of the gift. The gift was reaffirmed by another instrument in writing several months later, shortly before decedent's death. The great weight of the testimony sustains the finding of the trial court which upheld the gift. Judgment affirmed, with costs. All concur.